# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SETH H. TUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-169 |
| CHECKR, INC., | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SETH H. TUCKER ("Plaintiff"), by and through his attorney, alleges the following against Defendant, CHECKR, INC., ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

## JURISDICTION AND VENUE

2. This court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in the City of Concord, Merrimack County, State of New Hampshire.

5. Defendant is a Delaware business corporation and credit reporting agency with its principal place of business located in the City of San Francisco, San Francisco County, State of California.

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. At all relevant times, Defendant was a "person" as that term is defined by 15 U.S.C. § 1681a(b).

8. At all relevant times Defendants, was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. At all relevant times, the reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**FACTUAL ALLEGATIONS**

10. In or around November 2018, Plaintiff applied to be an independent contractor for DoorDash, Inc. ("DoorDash").

11. As part of the application and vetting process, DoorDash ordered from Defendant, a Consumer Report on Plaintiff.

12. Among other categories, the Consumer Report included a section purporting to detail Plaintiff's history of motor-vehicle related violations.

13. The Consumer Report contains inaccurate information regarding a purported driving-while-intoxicated violation by Plaintiff, which supposedly occurred in the State of Maine on or about December 5, 2017.

14. The inaccurate information described above is not only inaccurate, it is completely false.

15. Defendant has been providing derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's driving record to at least DoorDash.
16. On or about November 30, 2018, Plaintiff received notice from DoorDash that it was unable to engage Plaintiff's services because of the inaccurate information that Plaintiff was "driving while intoxicated."
17. The notice from DoorDash also confirmed that its "decision was based in whole or in part on information . . . contained in the report from Checkr, Inc."—including the specific information that Plaintiff was "driving while intoxicated."
18. The Consumer Report also contains inaccurate information that Plaintiff was involved in a motor vehicle accident in connection with the inaccurate and false information that Plaintiff had been driving while intoxicated in the State of Maine on or about December 5, 2017. This was a motor vehicle accident that was so severe that someone was killed.
19. The inaccurate information described above is not only inaccurate, it is completely false.
20. As a result of all of the foregoing inaccurate information reported by Defendant, Plaintiff has been required to pay increase automobile insurance premiums.
21. The inaccurate information that appears on Plaintiff's Consumer Report prepared by Defendant was a substantial factor in Plaintiff's services not being engaged by DoorDash, and the resulting loss of income, and being required to pay increased automobile insurance premiums.
22. As a result of the Defendant's acts and/or omissions Plaintiff has suffered actual damages in the form of loss of the independent contractor position with DoorDash, and the resulting

loss of income, and increased automobile insurance premiums, as well as emotional distress, including anxiety, frustration, embarrassment, and humiliation.

23. Defendant knew or should have known that its actions violated the FCRA. Additionally, Defendant could have taken the steps necessary to bring its agents' actions within compliance of this statute but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

24. Due to Defendant's faulty procedures, Defendant mixed the file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

25. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate information and consumer reports that they have disseminated to various persons, potential employers, insurance companies, and credit grantors, both known and unknown.

26. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

28. The conduct of the Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are detailed above.

## DEFENDANT VIOLATED THE FAIR CREDIT REPORTING ACT

29. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiff, SETH H. TUCKER, respectfully requests judgment be entered against Defendant, CHECKR, INC., for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

By: /s/ Rosanna T. Fox
Rosanna T. Fox
NH Bar ID: 17693
12 Eldorado Circle
Nashua, NH 03062
603-261-0382 – office
866-526-1602 – facsimile
rosief13@comcast.net
Attorney for Plaintiff